IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NIGEL GRAHAM ERNST, ) <br> ) <br> Defendant. ) <br> _____) | Cause No. CR 05-53-M-DWM <br><br> ORDER DENYING REMAINING <br> CLAIMS AND DENYING <br> CERTIFICATE OF APPEALABILITY |

On November 10, 2011, Defendant Nigel Ernst filed a document titled "Writ of Habeas Corpus Seeking to Vacate & Dismiss the Judgment & Commitment Order with Prejudice" and, subsequently, several other documents. Ernst is a federal prisoner proceeding pro se.

Following a notice and opportunity to respond, *see Castro v. United States*, 540 U.S. 375 (2000), Ernst's documents were recharacterized as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. On May 17, 2012, some claims were denied and the United States was ordered to respond to Ernst's claims regarding ineffective assistance of counsel and the Interstate Agreement on Detainers Act. The United States responded on June 4, 2012. Ernst, though given an opportunity to file

1

a reply, *see* Order Denying Some Claims (doc. 49) at 11 ¶ 4, declined to do so. On July 19, 2012, the United States was ordered to file documents it neglected to attach to its June 4 submission. It complied on July 20, 2012.

## I. Background

On November 2, 2005, a grand jury indicted Ernst on drug and weapons charges. Indictment (doc. 1) at 1-3. On May 3, 2006, a Superseding Indictment was handed down, charging Ernst with two counts of being a felon in possession of a firearm (Counts 1 and 3), a violation of 18 U.S.C. § 922(g)(1); two counts of being a drug user in possession of a firearm (Counts 2 and 4), a violation of 18 U.S.C. § 922(g)(3); and one count of possession with intent to distribute methamphetamine (Count 5), a violation of 21 U.S.C. § 841(a)(1). Superseding Indictment (doc. 2) at 1-4. Warrants were issued for Ernst's arrest. Docket Entries Nov. 3, 2005, May 4, 2006.

On February 15, 2007, Ernst was arrested at Montana State Prison. Warrant Return (doc. 12) at 1. His initial appearance was held the same day. Minutes (doc. 7). Attorney Monte L. Jewell was appointed to represent him. Order (doc. 9).

On February 19, 2007, the United States filed an Information pursuant to 21 U.S.C. § 851, alleging that Ernst was convicted on January 12, 2000, of criminal possession of dangerous drugs with intent to sell, a violation of Mont. Code Ann. §

2

45-9-103(1). Information (doc. 11). Filing of the Information elevated the maximum penalty on Count 5 to life imprisonment and elevated the mandatory minimum sentence from five years to ten. 21 U.S.C. § 841(b)(1)(B).

On March 1, 2007, trial was set for April 16, 2007. Scheduling Order (doc. 13) at 1. On April 5, 2007, Ernst moved to change his plea, and the parties filed a fully executed plea agreement. Ernst agreed to plead guilty to Counts 1, 3, and 5. The United States agreed to dismiss Counts 2 and 4 and conditionally agreed to support a three-level downward adjustment for acceptance of responsibility. Plea Agreement (doc. 21) at 2-4 ¶¶ 4-6, 8 ¶ 11, 9 ¶ 13. On April 24, 2007, Ernst pled guilty in open court. Minutes (doc. 25).

A presentence report was prepared. On September 28, 2007, Ernst was sentenced to serve 96 months on each of Counts 1, 3, and 5, all counts to run concurrently, and to a total of five years' supervised release. The federal sentences were ordered to run consecutively to sentences imposed by a Montana state court. Judgment (doc. 29) at 2-3. Judgment was entered on October 1, 2007. *Id.* at 1.

Ernst did not appeal. More than four years later, Ernst filed the first of the documents currently before the Court. Although he plainly filed too late, the merits of his claims have been addressed.

## II. Analysis

3

## A. Interstate Agreement on Detainers

The sole remaining claim alleges violation of the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 ("IAD" or "the Act"). Two detainers were lodged against Ernst. His claim regarding the second has already been denied. *See* Order Denying Some Claims at 5-6.

The IAD provides that an accused must be "brought to trial within one hundred eighty days" after his request for final disposition of a detainer lodged against him has actually been delivered to the prosecuting officer.[1] 18 U.S.C. App. 2, § 2, Art. III(a) (emphasis added); *Fex v. Michigan*, 507 U.S. 43, 52 (1993).

The first detainer, titled "Detainer Against Unsentenced Prisoner," was received at the Lake County jail on March 28, 2006. Mot. § 2255 Ex. G (doc. 33-2) at 1. At that time, Ernst had not been sentenced for any of the state offenses pending against him. *See* Mot. § 2255 (doc. 33) at 7 ¶ J; *see also* CONWeb, https:app.mt.gov/conweb (accessed Apr. 13 and Aug. 15, 2012) (showing sentencing dates of August 3, 2006, and August 22, 2006). The IAD does not apply to pretrial detainees or to persons held in custody on probation violation warrants. *United States v. Lualemaga*, 280 F.3d 1260, 1262 (9th Cir. 2002) (citing *United States v. Reed*, 620

---

[1] The IAD also requires that the notice be sent to the court. This Court has no record of having received Ernst's demand under either the first or the second detainer. The claim can be resolved, however, without regard to that fact.

F.2d 709, 711-12 (9th Cir. 1980)); *United States v. Roach*, 745 F.2d 1252, 1254 (9th Cir. 1984). Had Ernst made a demand at that time under the IAD, the United States would have had no obligation to honor it.

But Ernst was sentenced in state court in August 2006. On August 3, 2006, he alleges, he submitted a written demand for disposition of any outstanding indictment against him under the IADA. Mot. § 2255 Ex. F (doc. 33-2 at 10). The IAD applies "[w]henever a person has entered upon a term of imprisonment . . . and whenever during the continuance of the term of imprisonment there is pending . . . any untried indictment." 18 U.S.C. App. 2, § 2, Art. III(a).

Consequently, if Ernst's August 2006 demand was actually received by the United States Attorney's Office, or possibly the United States Marshals Service, *see Fex*, 507 U.S. at 52; *see also United States v. Johnson*, 196 F.3d 1000, 1003 (9th Cir. 1999), Ernst might state a claim for violation of the IADA and/or ineffective assistance of the attorney who failed to identify the violation. Therefore, Ernst's request for discovery of any documents in the possession of the United States Attorney's Office or the United States Marshals Service relating to detainers lodged against him was granted.

The United States produced those documents on July 20, 2012. They do not contain Ernst's demand for speedy trial. The declarations of Sheryl Nordahl of the

United States Attorney's Office and Carol Rash of the United States Marshals Service attest that neither the United States Attorney's Office nor the Marshals received a demand from Ernst. Nordahl Decl. (doc. 50-1) at 1 ¶ 3; Rash Decl. (doc. 50-2) at 1-2 ¶¶ 3-4. In addition, Ernst himself states that Lake County officials, in whose custody he was in August 2006, "failed to take prompt action and transmit his request." Mot. § 2255 (doc. 33) at 7 ¶ 2(m). *Fex* holds that the demand is effective only if it is received by the appropriate authority. Since it was not, Ernst's claim must be denied.

## B. Speedy Trial

Although Ernst's speedy trial claim has already been addressed, the analysis neglected to take into account the lapse of 470 days between filing of the original Indictment on November 2, 2005,[2] and Ernst's appearance in this Court on February 15, 2007. But there is no doubt that Ernst was in the custody of other agencies throughout that time. He refers to an arrest on November 20, 2003, Mot. § 2255 at 3 &. Ex. 3, but that arrest was on a state charge of attempted deliberate homicide in Missoula County. Only two warrants have been issued for Ernst's arrest by the federal court in Montana, and they were issued on November 3, 2005, and May 4, 2006. When the grand jury handed down Ernst's federal indictment, Missoula

---

[2] The Indictment and the Superseding Indictment alleged offenses occurring on November 24, 2003, and August 29, 2005.

6

County and Lake County were both prosecuting their own charges against him, as his IAD claims demonstrate. The reason for the delay was fully consistent with Ernst's due process rights and does not remotely "offend[] those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1989) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)) (internal quotation marks omitted). Even on further consideration, Ernst can show neither a speedy trial violation nor prejudice from counsel's failure to raise the claim.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Ernst claimed the Court that presided over his prosecution and sentencing

7

could not decide his claims because he sought to call into question the Court's jurisdiction and the validity of his conviction. Those were precisely the reasons this Court was required to preside. 28 U.S.C. § 2255(a); Rule 4(a), Rules Governing § 2255 Proceedings. This claim does not warrant a COA. Ernst's double jeopardy claim did not make a substantial showing that he was deprived of a constitutional right because an acquittal on an attempted murder charge in state court could not preclude subsequent prosecution in federal court on drug and weapons charges. Ernst was not entitled to demand speedy trial based on a detainer lodged before he was sentenced in state court, and there is no evidence that the United States Attorney's Office, the United States Marshals Service, or for that matter this Court received his demand for speedy trial in August 2006. The Speedy Trial Act, by its terms, did not apply in Ernst's case until he was arrested on February 15, 2007. 18 U.S.C. § 3161(b). Even without counting the statutory exclusions, *id.* § 3161(h), Ernst pled guilty sixty-eight days after he appeared, *id.* § 3161(c). Although many days passed between Ernst's offenses, his charges, and his prosecution, he does not dispute that he was in the custody of Missoula County and Lake County, both of which were prosecuting other charges against him, before he came into federal custody. There is no substance to his speedy trial claims. Ernst's motion for production of the grand jury transcripts was not supported by any claim that the transcript might support

dismissal of the charges, and no reason that might be true appears in the record. None of Ernst's other claims in his various pleadings, *see* Order Denying Some Claims at 8-10, made any claim that he was deprived of a constitutional right. A COA is not warranted on any claim.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Ernst's claims alleging violation of his rights under the Interstate Agreement on Detainers and of his right to a speedy trial are DENIED.

2. All claims having been denied, Ernst's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 33) is DENIED in its entirety.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Ernst files a Notice of Appeal.

4. The Clerk of Court shall ensure that all pending motions in this case and in Cause No. CV 11-146-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Ernst.

DATED this 30 day of August, 2012.

Donald W. Molloy
United States District Court